UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GJON GJOLAJ,

        Plaintiff,

vs.

LIFE INSURANCE COMPANY
OF THE SOUTHWEST,

        Defendant.
_____/

Case No. 12-CV-11370

HON. GEORGE CARAM STEEH

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT [DOC. 19]

Plaintiff Gjon Gjolaj filed this breach of contract action against defendant Life Insurance Company of the Southwest ("LCS") for non-payment of accelerated benefits pursuant to a life insurance policy ("Policy") issued to plaintiff. The matter is before the court on defendant's motion for summary judgment. Oral argument was heard by the court on May 29, 2013. For the reasons stated below, defendant's motion for summary judgment is GRANTED.

FACTUAL BACKGROUND

On April 15, 2006, defendant LCS issued a $250,000 life insurance policy to plaintiff Gjolaj. The Policy included an Accelerated Benefits Rider ("Rider"), which entitled plaintiff to certain benefits in the event he was certified as "chronically ill". Plaintiff owned and worked at the Apple Tree Family Dining restaurant. Plaintiff injured his shoulder when he fell at work on January 26, 2009, and maintains that the injury rendered him chronically ill under the terms of the Policy.

In order to qualify for accelerated benefits, the insured must show that within the last 12 months he or she was unable to perform, without substantial assistance from another person, at least two activities of daily living for a period of at least 90 consecutive days. Activities of daily living include bathing, continence, dressing, eating, toileting and transferring. On May 28, 2009, plaintiff submitted an Application for Election of Accelerated Benefits, listing his shoulder injury as the basis of his claim. In his application, plaintiff identified Drs. Michael Spagnuolo and Stephen Richardson as his attending physicians. For each physician, plaintiff listed dates of treatment which were all subsequent to the date of his injury.

Defendant wrote to the two physicians identified by plaintiff in his Application, requesting a copy of plaintiff's medical records and asking each doctor to complete a questionnaire regarding plaintiff's qualification for the accelerated benefits. Dr. Richardson completed the questionnaire, indicating that he treated plaintiff for headaches and anxiety. His opinion was that plaintiff did not require substantial assistance with any of the six activities of daily living. Dr. Spagnuolo did not respond to defendant's request for records, nor did he complete the questionnaire.

On August 3, 2009, defendant sent a letter to plaintiff denying his request for Accelerated Benefits on the basis of Dr. Richardson's evaluation. The denial letter informed plaintiff that if he had any pertinent information which might alter the decision, plaintiff should submit such information to defendant for review.

On September 10, 2009, plaintiff began treating with orthopedic surgeon Dr. Stephen Lemos. Dr. Lemos examined plaintiff's shoulder and opined that plaintiff suffered from subacromial bursitis impingement and AC joint osteoarthritis. Dr. Lemos

recommended arthroscopic surgery.  Plaintiff submitted an updated Accelerated Benefits Questionnaire completed by Dr. Lemos which indicated that plaintiff would require substantial assistance with bathing, dressing and transferring for a duration of six weeks to three months.

By letter dated September 25, 2009, defendant upheld its denial of Accelerated Benefits.

> Dr. Lemos has seen you one time on September 10, 2009.  The information provided does not meet the criteria of Chronic illness as previously defined.
>
> There has been no change in our decision that benefits are not payable under the Accelerated Benefits Rider for Chronic Illness.

Plaintiff did not submit additional documentation from Dr. Lemos or any other medical professional.  Plaintiff did continue to treat with Dr. Lemos' practice, visiting his office on October 7, November 23, February 4, 2010 and March 29, 2010.  The medical records indicate that plaintiff was scheduled for shoulder surgery, but had to cancel due to insurance issues.

On February 9, 2010, defendant approved plaintiff's claim for Waiver of Premium benefits, asserting that plaintiff met the requirement of "Total Disability" under the Rider.

## STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).  The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient

administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be

evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (*citing Anderson*, 477 U.S. at 252).

## ANALYSIS

In order to qualify for accelerated benefits under the Rider, plaintiff was required to show that, due to his injuries, he was unable to perform, without substantial assistance from another person, at least two activities of daily living for a period of at least 90 consecutive days.

> Accelerated benefits can be elected under this rider only if the Insured is Chronically Ill. Chronically Ill means that the Insured has been certified, within the last 12 months, by a Licensed Health Care Practitioner as:
>
> 1. Being unable to perform (without substantial assistance from another person) at least two Activities of Daily Living for a period of at least 90 consecutive days.

(ABR Rider 2, p. 3).

> We must receive written proof satisfactory to us that the Insured is Chronically Ill. Such written proof must include a statement from a Licensed Health Care Practitioner certifying that the Insured is Chronically Ill.

(ABR Rider 2, p. 5).

There is no argument that defendant's original denial of accelerated benefits was warranted based on the information provided by attending physician Dr. Richardson. Dr. Richardson confirmed that plaintiff was not Chronically Ill according to the definition in the Policy, and plaintiff did not submit any other documentation regarding his illness from the date of the application on May 28, 2009 until the date of the denial on August 3, 2009.

The issue is whether the information supplied by Dr. Lemos was enough to substantiate that plaintiff was Chronically Ill. While Dr. Lemos opined that plaintiff required substantial assistance bathing, dressing and transferring, he indicated that he expected

such difficulty to last anywhere from six weeks to three months. The Lemos Questionnaire, therefore, does not certify that plaintiff would be unable to perform at least two activities of daily living *for a period of at least 90 consecutive days.* Plaintiff acknowledges that under the Policy, the burden is on the insured to submit documentation to defendant confirming that he experienced the limitations identified by Dr. Lemos for a period of at least 90 consecutive days. With the evidence before it, defendant did not have enough information to determine if plaintiff's limitations in fact lasted at least 90 consecutive days. There is no issue of fact that plaintiff failed to demonstrate he was chronically ill for purposes of collecting accelerated benefits under the Policy. Defendant's motion for summary judgment is GRANTED.

Dated:  May 30, 2013

                        s/George Caram Steeh
                        GEORGE CARAM STEEH
                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 30, 2013, by electronic and/or ordinary mail.

s/Barbara Radke
Deputy Clerk

---